UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREL CLANTON,

    Plaintiff,

v.                                          Case No. 04-74895

HOME DEPOT U.S.A., INC.,           HONORABLE AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

### I. Introduction

This is an age discrimination case involving the discharge of plaintiff Darrel Clanton (Clanton), a sixty-seven year old former employee of defendant Home Depot U.S.A., Inc. On December 16, 2005, Clanton, through counsel, filed a complaint against Home Depot claiming (1) a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and (2) a violation of the Elliot-Larsen Civil Rights Act, M.C.L. § 37.2202, et seq.

Before the Court is Home Depot's motion for summary judgment, to which Clanton did not respond or appear for the hearing on August 24, 2005. For the reasons that follow, the motion is GRANTED. The case is DISMISSED.

### II. Background

#### A.

In January of 1998, Clanton applied for a position with Home Depot at its

Brighton, Michigan store. On April 16, 1998, Clanton was hired as a part-time Sales Associate in the Plumbing Department. Clanton was 61 years old at the time of hire. In November of 1999, Clanton became a full-time employee and was transferred to the Pro Sales Department/Commercial Sales Desk. The Pro Sales Department primarily handles sales to professional contractors. In connection with this new position, Clanton attended "cashiers college" where he was trained on Home Depot's policies relating to transactions. One of Home Depot's policies states that "ringing transactions for oneself or friends/family is a major work rule violation that will normally result in termination for a first offense."

On February 28, 2004, Clanton rang up a purchase for his wife. Home Depot terminated Clanton after an investigation for violating store policies.

B.

On December 16, 2004, Clanton filed a complaint against Home Depot claiming age discrimination. On January 1, 2005, Home Depot filed an answer. On January 19, 2005, the Court issued a scheduling order setting a discovery cut off of May 24, 2005 and a motions deadline of June 24, 2005. On April 29, 2005, Clanton's counsel filed a motion to withdraw; Clanton did not respond. On May 31, 2005, the Court granted the motion, stating:

> Plaintiff must inform the Court within thirty days of the name of new counsel or whether he will proceed in pro per.

Clanton did not obtain new counsel and is proceeding pro se.

On June 3, 2005, Home Depot filed a motion for summary judgment on the grounds that Clanton has not made out a prima facie case for age discrimination, that

2

Home Depot had a legitimate reason for terminating him, and Clanton cannot show pretext.  Home Depot says that Clanton admits he violated store policy by checking out his wife's purchases at his register.  Home Depot also points out that it hired Clanton when he was sixty-one years old and did not terminate him until six years later.  Clanton did not file a timely response to the motion.

On July 11, 2004, the Court issued a notice of hearing, setting a hearing on Home Depot's motion for August 24, 2005 at 2:00 p.m.  The notice also states: "A response is due on or before August 1, 2005."  To date, Clanton has not filed a response.

### III.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,475 U.S. 574, 587 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Only where there are no genuine issues of material fact and the moving party is entitled to

judgment as a matter of law may summary judgment be granted.  <u>Thompson v. Ashe</u>, 250 F.3d 399, 405 (6th Cir. 2001).

## IV.  Analysis

Having carefully reviewed Home Depot's motion and supporting evidence, the Court finds that the motion is well-taken.  For all the reasons stated in Home Depot's motion for summary judgment, the motion is GRANTED and the case is DISMISSED.

SO ORDERED.

Dated:  August 24, 2005

 s/Avern Cohn                       
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 24, 2005, by electronic and/or ordinary mail.

 s/Julie Owens                     
Case Manager, (313) 234-5160